PRICE, Judge.
Highland Well Service, Inc., has appealed from the judgment awarding its former employee, Johnny W. Bilyeu, workmen’s compensation benefits for seven weeks, medical expenses of $2,946.95, statutory penalties of twelve per cent, and attorney’s fees in the amount of $500.
Defendant on appeal questions the adequacy of proof of a compensable injury, the duration of any disability, and the award of penalties and attorney’s fees.
Plaintiff began working as a roustabout for defendant on the morning of August 27, 1975. He was injured approximately an hour later when riding in the bed of a pick-up truck enroute to a well site. A long piece of pipe that was tied to the truck came untied at one end causing the pipe to swivel and strike plaintiff in the lower back region. Plaintiff continued to work throughout this day, but contends he felt a stinging sensation in his back.
On August 28,1975, the day following the accident, plaintiff sought treatment from Dr. W. W. Fox, an orthopedist in Shreve-p rt. Dr. Fox admitted him to Bossier General Hospital for diagnostic X-rays and treatment. He diagnosed plaintiff as having an acute sprain of the lumbar spine. He was treated with traction and therapy and discharged on September 15, 1975. Plaintiff subsequently was examined by Dr. *956 Fox on September 23rd, and September 29th, on which occasions he continued to complain of pain in the lumbar area of the back. Plaintiff was hospitalized again by Dr. Fox between September 30th and October 10, 1975, for further evaluation. A myelogram was performed by a neurosurgeon which did not reveal any specific basis for plaintiffs complaints of pain.
After an electromyelogram on October 16, 1975, did not reveal a physical cause for plaintiffs continued complaints of pain, Dr. Fox released him as able to return to work.
There is no serious issue as to the proof of plaintiff sustaining an on-the-job accident. Plaintiffs testimony is corroborated by a fellow employee who was riding in the bed of the pick-up with plaintiff and saw the pipe strike him. In addition, the defendant’s production superintendent testified that the happening of the accident was reported to him on the same day by plaintiff’s foreman.
The most serious issue is whether plaintiff’s disability continued past his first period of hospitalization. Defendant contends after that time the complaints of plaintiff were imaginary and further medical treatment was unnecessary.
Defendant also contends plaintiff misled Dr. Fox as to his prior medical history, and had the doctor known of a previous injury to his foot in another employment a short time before, Dr. Fox would not have admitted him for the second hospitalization.
The testimony of Dr. Fox can be fairly construed to reflect that although he was suspicious of exaggerated complaints of pain by plaintiff in the later stage of his treatment, the difficulty in diagnosing the cause of lower back pain led him to hospitalize plaintiff a second time in order to rule out the possibility of a ruptured disc or nerve injury.
Plaintiff presented the testimony of his wife, his father, and a friend with whom he stayed during a period when he was separated from his wife. The testimony of these witnesses, if believed, is sufficiently corroborative of plaintiff’s position that he continued to suffer pain.
Therefore, the finding of the trial court that plaintiff was disabled through the second period of hospital treatment is supported by sufficient evidence.
The trial court properly imposed penalties and attorney’s fees in this instance. The president of defendant-corporation at the time of the accident admitted he was informed of the accident. He further admits receiving a communication from plaintiff, who was in the hospital, inquiring if the company intended to pay the medical expenses. Although the defendant could in good faith question the continued disability of plaintiff during his second hospitalization, there is no doubt that it was arbitrary and capricious in refusing to pay compensation and medical expenses through the period of plaintiff’s initial hospitalization.
Plaintiff has asked for an increase in the amount of attorney’s fees awarded. The sum of $500 is within the reasonable discretion accorded the trial court and should not be redetermined by this court.
For the reasons assigned, the judgment is affirmed at appellant’s costs.